**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Randy S. Roberts,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Francis J. Harvey,<br><br>　　　　Defendant. | No. CIV 06-2625-PHX-SMM<br><br>**ORDER** |

Pending before the Court are Plaintiff Randy S. Roberts' Motion for Summary Judgment and Declaratory Relief (Dkt.9) and Motion for Compensatory Damages Hearing Due to Wrongful Discharge (Dkt. 10). As explained below, the Court will deny both motions and require Plaintiff to complete service in accordance with Rule 4(i) of the Federal Rules of Civil Procedure ("Federal Rules").

**BACKGROUND**

Plaintiff Randy S. Roberts ("Roberts") commenced this action on November 2, 2006, by filing a Complaint in this Court. Roberts, appearing *pro se*, seeks judicial review of the Army Board for Correction of Military Records' ("ABCMR") refusal to make requested changes in his military records. Roberts' Complaint names former Army Secretary Francis J. Harvey ("Harvey") as the sole Defendant; however, he does not specify the capacity in which Harvey is being sued. Roberts' failure to state the capacity in which Harvey is being sued creates certain procedural problems that will be explained in great detail below;

1  presumably, based on the allegations of the Complaint, Harvey is not being sued solely in
2  an individual capacity since this action arises from the adverse decisions of the ABCMR.
3      Since filing his Complaint, Roberts has filed numerous documents with the Court. On
4  November 14, 2006, Roberts notified the Court that service had been effected upon Harvey
5  and the ABCMR via certified mail. (Dkt. 3)  On December 27, 2006, Roberts notified the
6  Court, pursuant to the Standard Civil Track Order, that he was prepared for a Preliminary
7  Pretrial Conference. Additionally, on February 12, 2007, Roberts filed an Open Letter to the
8  Judge Regarding Court Order Violation, stating *inter alia* that he was personally confused
9  by certain provisions of the Standard Civil Track Order. (Dkt. 11) Lastly, Roberts filed the
10 two motions  pending before the Court: (1) the Motion for Summary and (2) the Motion for
11 Hearing Re: Compensatory Damages Due to Wrongful Discharge.

**DISCUSSION**

13     Although Roberts has diligently pursued this action, he did not complete service of
14 process in accordance with Rule 4 of the Federal Rules.  Moreover, Roberts' Complaint,
15 Motion for Summary Judgment and Motion for Hearing Re: Compensatory Damages Due
16 to Wrongful Discharge, do not comply with the Local Rules of Practice of the United States
17 District Court for the District of Arizona ("Local Rules").  The Court will address each of
18 these deficiencies in turn.

19 A. Service of Process

20     Rule 4 of the Federal Rules sets forth the procedure for notifying defendants that a
21 civil lawsuit has been filed against them.  Based on Roberts' allegations, the present
22 action involves an officer of the United States being sued for acts occurring in connection
23 with the performance of duties on behalf of the United States.  Thus, Plaintiff was
24 required to comply with Rule 4(i) of the Federal Rules.  It is unclear, however, whether
25 Harvey is being sued solely in his official capacity or in both his individual *and* official
26 capacity.  This omission is critical because the status in which Harvey is being sued
27 controls which provisions of Rule 4(i) must be satisfied to complete service.  Regardless,
28 where an officer of the United States is being sued solely in an official capacity, or where

officer is being sued in an individual capacity for acts of omissions occurring in connection with performance of his duties on behalf of the United States, the United States must be served in the manner prescribed by Rule 4(i)(1). Rule 4(i)(1) provides, in relevant part, that service upon the United States shall be effected:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
> (B) by also sending a copy of the summons and of the complain by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
> (C)in any action attacking the validity of an order of an officer of agency of the United States not made a party. by also sending a copy of the summons and of the complaint by registered or certified mail to the officer of agency.

Fed. R. Civ. P.

In the present action, Roberts has not served the United States Attorney for the District of Arizona or the Attorney General of the United States within 120 days as required by the Federal Rules. However, the Court finds that a dismissal of the Complaint would be improper at this time under the Federal Rules. Roberts has not been given notice of a possible dismissal pursuant to Rule 4(m) of the Federal Rules, which provides that the court may not dismiss the complaint on its own initiative without providing such notice to plaintiff. Moreover, Roberts may be entitled to cure his defective service as a matter of right. For example, in an action governed by Rule 4(i)(2)(B), the court must give a plaintiff reasonable time to cure a failure to serve process if the plaintiff has already served an officer of the United States in an individual capacity. Fed. R. Civ. P. 4(i)(3)(B). Here, Roberts has presented some evidence indicating that he attempted to serve process upon Harvey at his office in Washington D.C. Therefore, in light of the present circumstances, the Court finds that the best course of action is to grant Roberts an additional time to serve process in compliance with the Federal Rules. The

Court also warns Roberts that his Complaint may be dismissed without prejudice if he does not complete service in the time prescribed by this Order.

B. Dismissal of the Pending Motions and Note Regarding "Open Letters"

*i. Motion for Summary (and Declaratory) Judgment*

Having failed to properly effect service upon the United States as required by Rule 4(i), the Court finds that it would be premature at this stage in the litigation to consider Roberts' Motion for Summary (and Declaratory) Judgment. (Dkt. 7)  Moreover, Roberts' Motion for Summary (and Declaratory) Judgment do not comply with Rule 7.1 and Rule 56.1 of the Local Rules.[1]  The Court advises Roberts to consult the Local Rules in their entirety, paying particular attention to Rule 7.1(b), which provides in part:

> The body of all documents shall be typed double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced except for footnotes and indented quotations. All pleadings, motions and other original papers shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point. Pages of the document must be numbered.

LRCiv. 7.1(b).  In addition to the universal requirements of Rule 7.1(b), motions for summary judgment have additional requirements under the Local Rules.  Rule 56.1 provides in relevant part:

> Any party filing a motion for summary judgment shall file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. Each material fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). <u>A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion.</u>

LRCiv. 56.1(a)(emphasis added).  Navigating the complexities of civil litigation can be a difficult task for *pro se* litigants.  Nonetheless, all litigants appearing before this Court

---

[1] The Local Rules may be found at the District of Arizona's website: www.azd.uscourts.gov

- 4 -

1 must adhere to both the Federal and Local Rules of Practice.  Therefore, in light of the
2 procedural posture of this action and Roberts' failure to adhere to the Local Rules
3 governing motion practice, the Court will dismiss the Motion for Summary (and
4 Declaratory) Judgment without prejudice.

5 *i. Motion for Hearing Re: Compensatory Damages*

6 The Court will deny Roberts' Motion for Hearing Re: Compensatory Damages Due
7 to Wrongful Discharge because it is an improper request.  The Court does not make
8 declaratory judgments regarding proof of mailing.  Moreover, since this document
9 appears to have been submitted solely for the purpose of providing the Court with notice
10 of service, it is not a "motion" and should not have been styled as such.  Therefore, this
11 motion will be denied with prejudice.

12 *iii. Open Letter to the Judge Regarding Court Order Violation*

13 The Court will not consider "open letters."  Roberts is encouraged to consult a
14 lawyer, legal services agency, or a law library if he is confused about certain legal
15 procedures.  Morever, numerous legal aid groups in the area, such as the Volunteer
16 Lawyers Program of Maricopa County, can be found on the internet, which can be
17 accessed for free at most, if not all, of the many branches of the Phoenix Public Library.

18 **CONCLUSION**

19 Accordingly, for the reasons set forth above,

20 **IT IS HEREBY ORDERED** Roberts   must complete service of process in
21 accordance with the Federal Rules by August 3, 2007.

22 **IT IS FURTHER ORDERED** Roberts is hereby given notice that a failure to
23 complete service in accordance with the Federal Rules may result in the dismissal of the
24 Complaint.

25 **IT IS FURTHER ORDERED** Roberts' Motion for Summary Judgment and
26 Declaratory Relief (Dkt.9) is **DISMISSED WITHOUT PREJUDICE**.

27 **IT IS FURTHER ORDERED** that Roberts' Motion for Compensatory Damages
28 Hearing Due to Wrongful Discharge (Dkt. 10) is **DISMISSED WITH PREJUDICE**.

1 //

2 //

3 //

4     **IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this

5 Order, as a matter of courtesy, to the Office of the United States Attorney for the District of

6 Arizona at the following address:

7     Two Renaissance Square
    40 N. Central Avenue, Suite 1200
8     Phoenix, Arizona 85004-4408

9     DATED this 1st day of June, 2007.

10

*(signature)*
Stephen M. McNamee
United States District Judge