**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy S. Roberts,<br><br>  Plaintiff,<br><br>v.<br><br>Francis J. Harvey, Secretary,<br>United States Army<br><br>  Defendant. | No. CV 06-2625-PHX-SMM<br><br>**ORDER** |

Pending before the Court are Defendant Francis J. Harvey's ("Defendant") Motion to Dismiss (Dkt. 31), Plaintiff Randy S. Roberts' ("Plaintiff") Response (Dkt. 35), and Defendant's Reply (Dkt. 37). Plaintiff has filed a number of additional documents, including a Motion for Summary Judgment (Dkt. 38), Motion to Compel Counsel for the Defense to proceed and maintain moral and ethical standards (Dkt. 39), Rebuttal to Defendant's Reply in support of Motion to Dismiss (Dkt. 41), and Case Management Review Summary (Dkt. 46). Defendant has filed a Motion to Strike these additional motions (Dkt. 47), and a Motion to Stay All Proceedings until the Court rules on Defendant's Motion to Dismiss (Dkt. 48).

**BACKGROUND**

Plaintiff was discharged from the United States Army in 1965, with an other than honorable characterization of service. (Compl. at 2.) The discharge was based on Plaintiff's pattern of misconduct, for which he received non-judicial punishment seven times and one summary court martial. Plaintiff claims he was wrongfully discharged by a racially motivated commander. (Id.) In 2003, Plaintiff applied to the Army Board for Correction of Military

1 Records ("Board") seeking correction of his military records. (Id.) The Board denied Plaintiff's
2 application for relief (Pl.'s Ex. 1) and Plaintiff's 2005 request for reconsideration. (Compl. at
3 2.) Plaintiff now brings this action, seeking compensation for damages caused by his allegedly
4 wrongful discharge and for an upgrade of his discharge characterization of service. (Compl. at
5 1.)

6 Plaintiff alleges the Board failed to properly review the evidence of record before it, and
7 that the Board review was not fair and objective. (Compl. at 3-5.) Plaintiff further alleges that
8 a medical officer offered perjured testimony and that prosecutorial misconduct occurred at
9 Plaintiff's summary court martial. (Compl. at 5.) Plaintiff further alleges the Board "arbitrarily
10 and capriciously" denied his claim for no reason. (Compl. at 14.)

11 Defendant filed a Motion to Dismiss the complaint on the basis that the Court lacks
12 subject matter jurisdiction over Plaintiff's claims.

### STANDARD OF REVIEW

14 A party may file a motion asserting a lack of jurisdiction over the subject matter under
15 Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1). A court may
16 raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of
17 the action, even on appeal. United States v. Moreno-Morillo, 334 F.3d 819, 830 (9th Cir. 2003);
18 see also Fed. R. Civ. P. 12(h)(3).

### DISCUSSION

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

21 "It is a fundamental precept that federal courts are courts of limited jurisdiction." Owen
22 Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The burden lies on the plaintiff to
23 properly allege jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S.
24 178, 182 (1936). To that end, the complaint must contain "a short and plain statement of the
25 grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). The complaint
26 must also contain "a demand for judgment for the relief the pleader seeks." Id. at 8(a)(3).
27 Although relaxed pleading standards apply to *pro se* litigants, federal court jurisdiction cannot
28 be presumed. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

1  Plaintiff's complaint states that jurisdiction over this matter is based, "inter alia," on the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*. In the demand, Plaintiff "seeks discharge upgrade and compensation to provide immediate relief from the damages caused by said wrongful discharge under 28 U.S.C. § 1651 (the All Writs Act (AWA), 28 U.S.C. § 1346 (the Tucker Act)." The Court will address these potential bases for jurisdiction in turn.

### 1. The Administrative Procedure Act

Plaintiff's complaint states that jurisdiction over this matter is based, "inter alia," on the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*. The APA gives individuals access to the United States district courts to challenge agency action. 5 U.S.C. § 702. The Board constitutes an "agency" under the APA. Guerrero v. Stone, 970 F.2d 626, 628 (9th Cir. 1992). However, the APA is not itself a jurisdictional statute. Califano v. Sanders, 430 U.S. 99, 105 (1977) ("[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions."). Therefore jurisdiction cannot be predicated, as Plaintiff asserts, on the APA.

### 2. The All Writs Act

Although Plaintiff's statement of jurisdiction only references the APA, Plaintiff's demand references the All Writs Act (AWA). Plaintiff "seeks discharge upgrade and compensation to provide immediate relief from the damages caused by said wrongful discharge under 28 U.S.C. § 1651 (the All Writs Act (AWA) ..." (Compl. at 1.) Like the APA, the AWA does not itself confer jurisdiction on federal courts. "Nor does the All Writs Act operate to confer jurisdiction ... since it may be invoked by the district court only in aid of jurisdiction which it already has." Benson v. State Bd. of Parole and Probation, 384 F.2d 238, 239 (9th Cir. 1967) (internal citations omitted). Therefore jurisdiction cannot be predicated on the AWA.

### 3. The Tucker Act

Plaintiff's demand also invokes the Tucker Act, specifically 28 U.S.C. § 1346. Section 1346(a)(2) grants district courts original jurisdiction, concurrent with the United States Court of Federal Claims, over non-tort monetary claims not exceeding $10,000 against the United States. The Court of Federal Claims has exclusive jurisdiction over claims exceeding $10,000,

28 U.S.C. § 1491(a)(1), with appellate jurisdiction vested in the Court of Appeals for the Federal Circuit. 28 U.S.C. §1295(a)(3).

Plaintiff's complaint seeks a discharge upgrade and compensation for damages caused by his allegedly wrongful discharge. As Plaintiff's discharge occurred in 1965, Plaintiff seeks over 40 years' worth of back pay. Defendant asserts a person in Plaintiff's position would receive $136.50 per month in base pay. Without accepting that figure as accurate, the Court finds that Plaintiff's complaint likely exceeds the $10,000 jurisdictional maximum under the Tucker Act, 28 U.S.C. § 1346(a)(2). As Plaintiff has not limited his requested relief to $10,000 or less, jurisdiction over Plaintiff's claim is properly in the United States Court of Federal Claims, not the United States District Court.

### 4. The Federal Torts Claims Act

Although Plaintiff's complaint does not raise the Federal Torts Claims Act (FTCA) as a basis for jurisdiction, Defendant noted it in the Motion to Dismiss. The FTCA grants exclusive jurisdiction to the district courts over tort claims against the United States. 28 U.S.C. § 1346(b). Thus the FTCA is a jurisdictional statute, unlike the statutes cited by Plaintiff. However, the Feres Doctrine bars service members from recovering damages for injuries sustained incident to service. See Feres v. United States, 340 U.S. 135, 146 (1950). The key inquiry in determining whether an injury was suffered "incident to service" is whether the claims, if generally allowed, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness. Drier v. United States, 106 F.3d 844, 852 (9th Cir. 1996).

The Feres Doctrine is applicable "whenever a legal action would require a civilian court to examine decisions regarding management, discipline, supervision, and control of members of the armed forces of the United States." Zaputil v. Cowgill, 335 F.3d 885, 887 (9th Cir. 2003) (quoting Hodge v. Dalton, 107 F.3d 705, 710 (9th Cir. 1997)). The Feres Doctrine precludes a federal tort remedy for damages caused by even indisputably erroneous military decisions and orders. Zaputil, 335 F.3d at 887. Moreover, the Feres Doctrine bars enlisted service members

1 from recovering damages from a superior officer for alleged constitutional violations, as is the
2 case here.  See Chappell v. Wallace, 462 U.S. 296, 305 (1983).

3     Therefore, although the FTCA is a jurisdictional statute, it would be unavailable in this
4 case because Plaintiff seeks monetary damages for injuries suffered "incident to service."

**5. Conclusion**

Plaintiff asserts three bases for federal court jurisdiction in his complaint: the APA, the AWA, and the Tucker Act.  Although Plaintiff does not raise the FTCA in his complaint, some of his claims could be read as tort claims.  Neither the APA nor the AWA are jurisdictional statutes, and the FTCA is unavailable to Plaintiff because his alleged injuries occurred incident to military service.  Although the Tucker Act could provide a basis for jurisdiction, such jurisdiction would only be proper for claims of $10,000 or less.

As Plaintiff's claim appears to exceed $10,000, and because Plaintiff has not waived his right to monetary relief in excess of $10,000, Defendant's Motion to Dismiss is granted. Plaintiff will have the option of pursuing his claim in the Court of Federal Claims, which has jurisdiction over claims in excess of $10,000, or refiling in the District Court and waiving any recovery exceeding $10,000.

**B. Plaintiff's Motions; Defendant's Motions to Strike and to Stay**

As noted, Plaintiff has filed a number of additional motions, in response to which Defendant has filed Motions to Strike and to Stay.  In light of the Court granting Defendant's Motion to Dismiss, these motions are dismissed as moot.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant's Motion to Dismiss (Dkt. 31);

**IT IS FURTHER ORDERED DENYING AS MOOT** Plaintiff's Motion for Summary Judgment (Dkt. 38), and Motion to Compel Counsel for the Defense to proceed and maintain moral and ethical standards (Dkt. 39);

**IT IS FURTHER ORDERED DENYING AS MOOT** Defendant's Motion to Strike (Dkt. 47), and Motion to Stay (Dkt. 48).

1 **IT IS FURTHER ORDERED** that this action be **DISMISSED WITHOUT**
2 **PREJUDICE.**
3    DATED this 21st day of September, 2007.

Stephen M. McNamee
United States District Judge